**So Ordered.**



Frederick P. Corbit
Bankruptcy Judge

**Dated: March 5th, 2015**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In re:                                    ) Case No.  14-03145-FPC12
                                          )
ZURIEL, INC.,                             ) FINDINGS OF FACT AND
                                          ) CONCLUSIONS OF LAW
          Debtor.                         )
_____)

THIS MATTER having come before the above-entitled Court for confirmation, such confirmation hearing was held by telephone conference on March 5, 2015; and the Court having read the Declaration of Edward Ochoa, President of Debtor herein and having reviewed the plan and Trustee's Confirmation Summary, and having heard the arguments of counsel, makes the following

FINDINGS OF FACT AND CONCLUSIONS OF LAW

I.   Debtor filed the above-captioned voluntary Chapter Twelve Proceeding on August 28, 2014.

II.  Debtor filed its Chapter Twelve Plan on January 28, 2015 and served it on all parties in interest on January 29, 2015.

FINDINGS OF FACT AND                                    HAMES, ANDERSON, WHITLOW & O'LEARY, P.S.
CONCLUSIONS OF LAW - 1                                                P.O. BOX 5498
                                                                Kennewick, WA  99336-0498
                                                              (509) 586-7797/ Fax (509) 586-3674

III. All creditors were given proper notice of Debtor's Chapter Twelve Plan.

IV. Debtor received two objections to its plan, one from Washington Trust Bank (WTB) and one from Donald and Aretta Rice, landlord.

V. Debtor filed its First Modified Chapter Twelve Plan on March 3, 2015 and served it on all parties in interest on March 4th, 2015. The Confirmation Hearing on Debtor's initial Chapter Twelve Plan was held on March 5th, 2015, Therefore, Insufficient notice of the Modified plan was given to creditors.

VI. The First Modified Chapter Twelve Plan, amended as follows, resolved all objections to Debtor's initial plan.

    a. Paragraph 5.10 pg. 19 lines 17-18 are deleted and replaced with: "All net sale proceeds will be remitted to Washington Trust Bank and applied against the balance of loan xxxxx-90336".

    b. Paragraph 5.10 pg. 19 the following sentence is added to the last paragraph at line 24: "Washington Trust Bank shall apply all payments to loan xxxxx-90336 until paid in full, including interest thereon, then shall apply payments to the balance of the VISA agreement, including interest thereon".

VII. Debtor filed motions for assumption of its nonresidential real property leases, as Debtor does not own real estate. Debtor received several objections to its motions to assume nonresidential real property leases from Debtor's landlords and Washington Trust Bank (WTB). The First Modified Chapter Twelve Plan resolves all objections to Debtor's motions to assume nonresidential real estate contracts with the landlords and WTB.

VIII. Debtor's budget projections, attached to its First Modified Chapter Twelve Plan, indicate the plan is feasible and Debtor will be able to make its payments as set forth in the plan.

FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 2

HAMES, ANDERSON, WHITLOW & O'LEARY, P.S.
P.O. BOX 5498
Kennewick, WA 99336-0498
(509) 586-7797/ Fax (509) 586-3674

14-03145-FPC12    Doc 198    Filed 03/05/15    Entered 03/05/15 13:41:09    Pg 2 of 4

IX. All fees, charges, or amounts required to be paid under Chapter Twelve under Title 28 U.S.C. or by the plan, to be paid before confirmation, have been paid.

From the foregoing Findings of Fact, the Court makes the following Conclusions of Law.

## ~~CONCLUSIONS OF LAW~~

X. Debtor's initial plan and its First Modified Chapter Twelve Plan complies with the provisions of Chapter Twelve and the other applicable provisions of Title 28 U.S.C.

XI. The owner of each secured claim has accepted the plan and shall receive payments on its secured portion of its claim set forth in the plan and shall retain its lien until such payment has been paid.

XII. The Debtor will be able to make all payments and comply with the plan.

XIII. The chapter Twelve trustee will receive compensation pursuant to 28 U.S.C. § 586(e)(1)(B)(ii).

XIV. The plan has been proposed in good faith and not by any means forbidden by law.

XV. Because Debtor gave insufficient notice to creditors of Debtor's First Modified Chapter Twelve Plan the confirmation hearing shall be adjourned to permit creditors to have sufficient time to determine whether to object to Debtor's First Modified Chapter Twelve Plan.

/// end of order ///

Presented by:

HAMES, ANDERSON, WHITLOW & O'LEARY, P.S.
Attorneys for Debtor

BY: /s/ William L. Hames                .
    WILLIAM L. HAMES, WSBA #12193
    JOHN W. O'LEARY, WSBA #33004

FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 3

HAMES, ANDERSON, WHITLOW & O'LEARY, P.S.
P.O. BOX 5498
Kennewick, WA 99336-0498
(509) 586-7797/ Fax (509) 586-3674

14-03145-FPC12    Doc 198    Filed 03/05/15    Entered 03/05/15 13:41:09    Pg 3 of 4

CHAPTER Twelve TRUSTEE

BY: _____
    FORD ELSAESSER


ATTORNEY FOR DON AND ARETTA RICO

_____
DANIEL O'ROURKE, WSBA #4491


NO OBJECTION BY:
PHILLABAUM LEDLIN MATTHEWS & SHELDON
Attorney for Washington Trust Bank


BY:  /s/ Ian Ledlin                          .
    IAN LEDLIN, WSBA #6695

FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 4